UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.Y.M.T., a minor, by and through her guardian ad litem DEBI ONTIVEROS, an individual and as Successor in Interest to Decedent, Miguel Moreno Torrez ; MARIA CARRILLO, an individual and Successor in Interest to decedent, Miguel Moreno Torrez,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, THE FRESNO POLICE DEPARTMENT and DEFENDANT OFFICERS DOES 1-10,<br><br>Defendants. | Case No. 1:15-cv-710-JAM-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND EXPENSES<br><br>(Docs. 29, 31) |

Pending before the Court is Defendant City of Fresno's Motion to Compel named Plaintiffs Maria Carillo, Antonio Moreno, and P.Y.M.T., by and through P.Y.M.T.'s Guardian Ad Litem Deibi Ontiveros ("Plaintiffs"), to attend their depositions in the United States. (Doc. 29). The motion also seeks an award of attorneys' fees for Plaintiffs' failure to appear at their depositions, previously scheduled for March 10 and 11, 2016. The parties filed a Joint Statement re Discovery Disagreement on May 13, 2016. (Doc. 31). The Court deemed the motion suitable for decision without oral argument and vacated the hearing scheduled for May 23, 2016. (Doc. 32). Having considered the joint statement, and the entire file, Defendant's Motion to Compel is GRANTED in PART and DENIED in PART.

## BACKGROUND

This action arises out of the officer-involved shooting of decedent Miguel Torrez by officers with the Fresno Police Department on June 21, 2014. The Plaintiffs in the action are the decedent's mother Maria Carrillo, the decedent's father Antonio Moreno, and decedent's minor child P.Y.M.T., by and through Guardian Ad Litem Deibi Ontiveros. At all times relevant to this lawsuit, Plaintiffs have resided in Sinaloa, Mexico. On May 26, 2015, Plaintiffs filed their complaint for federal civil rights and state law claims in the Eastern District of California.

In accordance with Federal Rule of Civil Procedure 30(b)(1), Defendant served Plaintiffs' notices of depositions on three separate occasions. *See* Declaration of Courtney Arbucci ("Arbucci Decl.,"), at pg. 13, Doc. 29. On February 1, 2016, the most recent occasion, Defendant served Plaintiffs' counsel with the deposition notices via U.S. Mail for Plaintiffs' depositions to take place on March 10, 2016 at Defendant's counsel's San Diego office location. On March 9, 2016, Plaintiffs' counsel informed Defendant's counsel that because the Plaintiffs are Mexican nationals residing in Mexico, they are unable to appear for their depositions anywhere within the United States because they lack the necessary immigration status to freely travel to the United States.

Despite this information, Defendant declined to re-notice the depositions and on March 10 and 11, 2016, Plaintiffs failed to appear for their noticed depositions at Defendant's San Diego office. Due to the failed deposition, on April 26, 2016, counsel for Plaintiffs and Defendant participated in an informal discovery conference with Judge Barbara A. McAuliffe regarding the parties' deposition dispute. Plaintiffs' counsel argued his desire for Defendant to depose Plaintiffs in Mexico, if not in person, by video using the services provided at the U.S. consulate in Mazatlan, Mexico. After the conference, counsel continued to meet and confer but Defendant refuses Plaintiffs' proposed alternatives. The instant motion followed.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party [that] must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ.

2

P. 30(b)(1). The Rules also note that a Court may, for good cause, issue an order to protect a party from oppression, undue burden or expense, including by "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1) & (c)(1)(B).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). The Court, on motion, may order sanctions if a party fails, after being served with proper notice, to attend his own deposition. Fed. R. Civ. P. 37(d)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1).

**ANAYLSIS**

**1.    Motion to Compel Depositions**

The parties' filings raise one question: whether the deposition of foreign Plaintiffs should occur here in the forum district or in Mexico where Plaintiffs are located. Based on the record presented, the Court finds that Plaintiffs' depositions should proceed in California for several reasons.

First, Plaintiffs filed this action in this district and therefore they are subject to this Court's jurisdiction and the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 30 governs depositions, and it provides that "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). "Generally, this means that the examining party may unilaterally choose a deposition's location." *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005). Having filed a federal lawsuit, Defendant is entitled to take Plaintiffs' depositions in order to defend against this suit. Therefore, to proceed with this action, Plaintiffs must cooperate in discovery, including being deposed. Absent a protective order, Plaintiffs have no grounds on which to object to sitting for their depositions at Defendant's request.

3

Second, there are general presumptions that a Plaintiff's deposition should proceed in the forum district because, unlike a Defendant, the Plaintiff is here by choice. Generally, plaintiffs are required to make themselves available for examination in the district in which suit was brought, because the plaintiffs selected the forum. *See Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (*quoting Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988); *see also South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1998) ("[T]he general rule requir[es] plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought."). This is because "courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Rulo v. Ricoh Ams. Corp.*, 2015 U.S. Dist. LEXIS 153432, at *3 (N.D. Cal. Nov. 12, 2015) (*quoting In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010).

However, to overcome the general presumption that a Plaintiff's deposition shall take place in the district in which the plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Fenerjian v. Nong Shim Co., Ltd*, 13CV04115WHODMR, 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016); *see also Rulo v. Ricoh Ams. Corp. (Rulo II)*, 2015 U.S. Dist. LEXIS 153432, 2015 WL 9688060 at *3, (N.D. Cal. Nov. 12, 2015) (plaintiff must "persuasively demonstrate" that traveling to the forum for his deposition "would, for physical and financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair"). Ultimately, the trial court has broad discretion to determine the appropriate place for a deposition. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

Plaintiffs have not demonstrated undue hardship or exceptional or compelling circumstances to justify their refusal to travel to their chosen forum. The fact that Plaintiffs reside out of the country and lack the knowledge on how to travel to this country for their properly noticed depositions does not amount to "extreme hardship" or "compelling circumstances." Plaintiffs have not shown any evidence why the inconvenience or cost of attendance for Plaintiffs

4

in this case is any greater than it would be in any other case where a plaintiff resides outside the forum jurisdiction. There is no indication that Plaintiffs are physically unable to travel. Further, Plaintiffs have not provided any reason why Plaintiffs are unable to obtain visas to attend their depositions. Consequently, without any evidence or compelling justification, Plaintiffs are ordered to attend their depositions in the forum that they selected to prosecute this case against Defendant.

Finally, in order for the Plaintiffs to avoid having their depositions taken in the United States, they must move for a protective order under Federal Rule of Civil Procedure 26(c), which Plaintiffs have not done. Federal Rule of Civil Procedure 26(c) provides that on a timely motion a Court, for good cause, may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1)(D).  To prevail on a motion for protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements. . . ." *See Munoz v. PHH Corp.,* No. 08-759- DAD-BAM, 2016 U.S. Dist. LEXIS 17254, 6-7 (E.D. Cal. Feb. 11, 2016).  In assessing the motion, "the court should also balance the costs and burdens to each side." *U.S. v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 626 (S.D. Cal. 2001).

Rather than filing a motion for a protective order, Plaintiffs responded to the motion to compel with a brief and conclusory statement that "Plaintiffs continue to be unaware of any legal process that would allow for them to enter the United States legally."  (Doc. 31 at 13). This statement is not a "particular and specific demonstration" and is therefore insufficient to carry Plaintiffs' burden of establishing a specific prejudice. Indeed, Plaintiffs have not provided the Court with any evidence supporting their allegations that they are unable to obtain visas and attend their depositions in the United States. Plaintiffs do not include any declarations supporting their opposition nor have Plaintiffs included any information about what steps they have undertaken to obtain visas to travel to the United States for their depositions. Thus, to the extent that specific evidence supporting Plaintiffs' failed attempts at obtaining travel visas exists, it is

not before the Court.[1]

Conversely, Defendant has come forward with evidence to support its position that conducting the depositions in Mexico would present an extreme burden because the U.S. Department of State has issued a travel advisory for U.S. citizens traveling to Sinaloa, Mexico due to threats of safety and security posed by organized criminal groups in the region. Arbucci Decl., ¶ at 17. Recognizing that one of Mexico's most powerful criminal organizations is based in Sinaloa, the U.S. Department of State has specifically cautioned U.S. citizens about visiting the state, and has recommended that citizens defer all non-essential travel to the state due to a high rate of violent crimes. Arbucci Decl., ¶ at 17, Exh. K. On balance, Plaintiffs have failed to meet their burden to demonstrate good cause for why the depositions should not take place here.

Accordingly, the depositions should go forward in the United States and Defendant's Motion to Compel is GRANTED.

### 2. Monetary Sanctions

In the pending motion to compel, Defendant also seeks monetary sanctions for the expenses incurred in attempting to take Plaintiffs' depositions on March 10, 2016. The Ninth Circuit has explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc*., 709 F.2d 585, 589 (9th Cir. 1983) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 643, (1976)). In addition, Rule 37(d) provides that when a party fails to appear for his own deposition, the Court must award "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Defendant fails to present a persuasive reason for the Court to exercise its discretion to award expenses for the past nonappearance. The record demonstrates that Defendant was on notice prior to the scheduled depositions that Plaintiffs would be unable to attend. Despite

---

[1] At the informal conference on April 26, 2016, Plaintiffs' counsel indicated that he has had difficulty directly contacting Plaintiffs.

Defendant's assertions to the contrary, Plaintiffs did not completely fail to respond to Defendant's deposition notice. Defendant admits that, the day before the scheduled depositions, Plaintiffs' counsel notified Defendant that Plaintiffs did not have the proper travel visas. While Plaintiffs' conduct is noncompliance, the Court cannot say that Plaintiffs have acted in bad faith in failing to attend their depositions. Additionally, even if Plaintiffs had been more diligent in obtaining visas, it was reasonably foreseeable for Plaintiffs to experience complications in procuring their U.S. visas for international travel. The Court cautions Plaintiffs, however, that if they again fail to appear for their depositions, the Court will reconsider as possible sanctions an award of fees and/or a recommendation of dismissal of this action pursuant to Rule 37.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that:

1. Defendant City of Fresno's Motion to Compel Plaintiffs' Attendance at their Depositions is GRANTED; (Docs. 29, 31);

2. Plaintiffs MARIA CARRILLO, ANTONIO MORENO, and P.Y.M.T., by and through Guardian Ad Litem Deibi Ontiveros are ORDERED to attend their depositions at the time and place noticed by Defendant in this District to occur no later than June 17, 2016; and

3. Defendant City of Fresno's request for attorneys' fees and costs is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 19, 2016**            /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE